IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARVIN GAY PAGE, #684347,** ) | | |
|       Petitioner, ) | | |
| ) | | |
| v. ) | | 3:05-CV-1617-P |
| ) | | ECF |
| **DOUGLAS DRETKE, Director, Texas** ) | | |
| **Department of Criminal Justice,** ) | | |
| **Correctional Institutions Division,** ) | | |
|       Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Abilene, Texas. Respondent is the Director of TDCJ-CID. Process was issued in this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted by a jury of aggravated robbery in Criminal District Court No. 4 of Dallas County, Texas, in Cause Nos. F94-51987-WK. Ex parte Page, No. 34,056-01 at 49. Punishment was assessed at thirty-five years imprisonment. His conviction was affirmed on appeal. Page v. States, No. 04-94-

00617-CR (Tex. App., San Antonio, 1996, pet. ref.).  Petitioner thereafter sought federal habeas corpus relief, which this Court denied on the merits.  Page v. Johnson, 3:98cv0911-H (N.D. Tex., Dallas Div. Jul. 6, 1999).  On June 30, 2003, Petitioner filed his second federal habeas petition, contending he had received ineffective assistance of counsel on appeal.  Page v. Johnson, 3:03cv1448 (N.D. Tex., Dallas Div.).  On July 31, 2003, the District Court dismissed the second petition as second or successive.  Id.

Petitioner then filed a request for time credit dispute resolution on August 29, 2003, and a state writ of habeas corpus on October 1, 2003, raising the claim at issue in this case.  Ex parte Page, No. 34,056-06 at 11 and 22, and 34,056-05 at 2.  The writ was dismissed for failure to comply with Texas Government Code § 501.0081 because TDCJ had not yet ruled on the request time credit dispute resolution.  Id., 34,056-05 at cover.  On March 18, 2004, the Custodian of Offender Records with TDCJ found that there was no error in Petitioner's time credit calculations.  Ex parte Page, 34,056-06 at 11 and 22.  On July 26, 2004, Petitioner filed a second state habeas application, challenging his parole status.  Ex parte Page, No. 34,056-06, at 2.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on January 26, 2005.[1]

On August 7, 2005, Petitioner filed this third federal habeas petition.  He alleges a due process violation because he was eligible for release on parole after serving twenty-five percent of his sentence in December 2002.

In response to the order to show cause, Respondent filed an answer alleging the petition

---

[1] Petitioner filed four previous state habeas applications challenging his underlying conviction, which are irrelevant with respect to the parole eligibility claim at issue in this case. See Ex parte Page, 34,056-01 through -04.

is time barred, successive, and meritless.  Petitioner has not filed a reply.

Findings and Conclusions:  Because Petitioner previously sought federal habeas relief, the Court must determine whether the instant petition is second or successive within the meaning of 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Section 2244(b)(3)(A) provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be filed in the district court.  See 28 U.S.C. § 2244(b)(3)(A); In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003); accord United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (addressing a similar provision applicable in the context of a motion to vacate under 28 U.S .C. § 2255).

The limitation on the filing of a second or successive petition in federal court applies whether the petitioner raises claims to invalidate his underlying conviction or, as in this case, claims related to his eligibility for parole.  See Crone, 324 F.3d at 836-37 (jail-time credit case); In re Cain, 137 F.3d 234, 235-237 (5th Cir. 1998) (disciplinary case); Pritchard v. Henderson, 440 F.2d 660, 660-61 (5th Cir. 1971) (probation case).[2]  In McGary v. Scott, 27 F.3d 181 (5th

---

[2] It is appropriate to consider pre-AEDPA law to interpret the successive provision of the AEDPA.  See Slack v. McDaniel, 529 U.S. 473, 486 (2000) (applying pre-AEDPA law to a federal petition filed prior to the AEDPA's enactment but specifically noting that "we do not suggest the definition of second or successive would be different under AEDPA").

Cir. 1994), the Fifth Circuit Court of Appeals stated that, "[t]he law requires federal habeas petitioners to assert in their first habeas application all claims known of, all claims that should have been known of, and all claims that had been known of."  27 F.3d at 185.  In Crone, the Fifth Circuit reaffirmed its "strong policy against piecemealing claims" set forth in McGary.  See Crone, 324 F.3d at 337.  See also Orozco-Ramirez, 211 F.3d at 870-71 ("The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court.").

In this instance, Petitioner alleges he was eligible for release on parole as of December 2002.  (Petition at 7).  Relying on the above allegation, Respondent asserts such claim was available when Petitioner filed the second federal habeas petition on June 30, 2003.  Petitioner has neither objected to the above assertion, nor filed a reply to Respondent's answer.  In his state habeas application, he alleged the claim at issue arose on August 12, 2003, when he received a print-out from the TDCJ records office, notifying him that he had served at least 25% of his sentence.  Ex parte Page, No. 34,056-05, at 13.  Petitioner's own pleadings, however, negate his assertion that he did not know of the substance of his parole eligibility claim until that date.  In a letter to the Board of Pardons and Parole (Board) dated July 31, 2003, Petitioner specifically informed the Board that "[a]s of December 18, 2002, your records reflect that I have served 8 years and nine months which is 25% of my sentence . . . ."  Id. at 23.  In light of the above statement, there is no reason why Petitioner should not have know of his parole eligibility claim

4

as of December 2002, and why it could not have been raised in his second federal habeas petition filed on June 30, 2003. The fact that Petitioner parole eligibility claim was unexhausted when the second federal petition was filed does not excuse Petitioner's failure to raise it. See Crone, 324 F.3d at 837 (5th Cir. 2003) ("'the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.'"). Thus, under Orozco-Ramirez, McGary, and Crone, Petitioner was required to present all available claims, including his parole eligibility claim, in his second federal petition. This makes the current petition successive within the meaning of 28 U.S.C. § 2244(b). Cf. Orozco-Ramirez, 211 F.3d at 869 (claim not successive where facts underlying claim did not occur until after ruling on first habeas petition); In re Cain, 137 F.3d at 236 (same).

     In light of the successive nature of the present petition, this Court lacks jurisdiction to consider his parole eligibility claim unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 10th day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.